UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BIRGITT EYSSELINCK,           } | |
|           } | |
|     Plaintiff,          } | |
| VS.           } | CIVIL ACTION NO. H-07-4589 |
|           } | |
| DIRECTOR, OFFICE OF WORKERS'    } | |
| COMPENSATION PROGRAMS, U S    } | |
| DEPARTMENT OF LABOR, *et al*,    } | |
|           } | |
|     Defendants.        } | |

## OPINION & ORDER

Pending before the Court are Magistrate Judge Stacy's Memorandum and Recommendation (Doc. 19) recommending the Benefit Review Board's decision be affirmed, and Petitioner Birgitt Eysselinck's Objections thereto (Doc. 20). For the reasons explained below, the Court adopts Judge Stacy's recommendation in full.

This case concerns whether Petitioner as the wife of a decedent who worked for a public defense contractor is owed benefits. Under the applicable law, the Longshoreman and Harbor Worker's Compensation Act and its extension the Defense Base Act, if the decedent's death arose out of his work, petitioner would be entitled to benefits. Petitioner alleges decedent's suicide arose out of his employment because it was the result of post-traumatic stress disorder. Although, in the usual case, the taking of one's own life with willful intention to do so would negate the possibility of recovering benefits, the Fifth Circuit has carved out an exception for suicide that is the result of insanity. *Voris v. Texas Employers Ins. Asso.*, 190 F.2d 929, 933 (5th Cir. Tex. 1951). The Court will address each of Petitioner's objections in turn.

First, Petitioner objects that at no stage in the proceedings was she afforded the applicable presumption of 33 USC §920(d), which states:

> In any proceeding for the enforcement of a claim for compensation under this Act it shall be presumed, in the absence of substantial evidence to the contrary—
> . . .
> (d) That the injury was not occasioned by the willful intention of the injured employee to injure or kill himself or another.

In considering the effect of this presumption, the Supreme Court has stated, "[i]ts only office is to control the result where there is an entire lack of competent evidence." *Del Vecchio v. Bowers*, 296 U.S. 280, 286 (U.S. 1935).  This case, however, presented a voluminous record which the Administrative Law Judge ("ALJ"), as the trier of fact, reviewed thoroughly.  For example, Respondent submitted the expert testimony of Dr. Brodsky who believed that there was insufficient evidence of post-traumatic stress disorder ("PTSD").  Thus, under *Bowers*, the presumption has fallen away and need not be considered.[1]

Second, Petitioner objects to the Magistrate Judge's characterization of the suicide as an "impulse type action."  The Memorandum and Recommendation, however, in its analysis laid out the substantial evidence in support of the ALJ's finding that the suicide was a result of willful intention.  There is no serious indication that the Magistrate Judge's recommendation did not apply the right standard of review for the case.  For example, the Magistrate Judge reviewed the ALJ's supporting evidence for the lack of

---

[1]       In fact *Bowers* strongly suggests the presumption's purpose is only to apply to situations where accidental death is disputed as an alternative to suicide.  *Bowers*, 296 U.S. at 286 ("The natural love of life, the comparative infrequency of suicide as contrasted with accident, and the likelihood that testimony as to the cause of death would be more readily available to the employer than to the claimant, justify a presumption, which the law indulges in such a case, that the death was accidental.")  As, however, the issue of mental impairment overcoming the will of the decedent was not before the Court in *Bowers*, this Court declines to hold that reasoning applicable here.

proof of PTSD such as 1) the lack of life-threatening events experienced by decedent and 2) the fact decedent did not receive any psychiatric examinations before his suicide.

Third, Petitioner makes a similar objection to the Magistrate Judge's characterization of decedent's death as suicide. Again Petitioner objects the Magistrate Judge misapplied the law because the question was not whether suicide occurred but whether the suicide was not by the willful intention of the decedent as a result of mental impairment. Again this is *de minimis*. The recommendation considers the heart of the argument: the factual support for the ALJ's decision that there was insufficient proof of PTSD.

Fourth, Petitioner argues that as an alternative to PTSD, the decedent may have committed suicide as a result of depression. The recommendation stated: "Dr. Sieberhagen implicitly eliminated depression as a contributing cause of Decedent's suicide and therefore remand is not warranted." Admittedly, it appears from Dr. Sieberhagen's deposition that he felt that depression was present simultaneously with PTSD. The issue before the ALJ was, however, whether PTSD could overcome the voluntary intentions of the decedent such that his suicide could be described as involuntary. The record before the ALJ was replete with arguments for and against a finding that decedent had PTSD and that the PTSD resulted from decedent's work in Iraq. The record contained only a handful of incidental remarks concerning depression. To the extent symptoms of PTSD were identical to symptoms of depression they were discounted by the ALJ after weighing the evidence. To the extent they differed,

Petitioner did not argue depression caused the suicide before the ALJ and cannot revive this argument at the eleventh hour.[2]

The remainder of Petitioner's objections concern the alleged improper weighing of the evidence.  The Court, however, does not review the evidence *de novo*.  The Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950 ("LHWCA" or "the Act") requires the Benefit Review Board ("BRB") to accept the findings of the ALJ "unless they are not supported by substantial evidence in the record considered as a whole or "unless they are irrational." *Mijangos v. Avondale Shipyards, Inc.*, 948 F.2d 941, 944 (5th Cir.1991) (citing 33 U.S.C. § 921(b)(3)). The BRB does not have the statutory authority "to engage in a *de novo* review of the evidence or to substitute its views for those of the ALJ." *Mijangos*, 948 F.2d at 944 (5th Cir.1991). Therefore, this Court's review of BRB decisions is limited to considering errors of law and ensuring that the Board adhered to its statutory standard of review, that is, whether the ALJ's findings of fact are supported by substantial evidence and are consistent with the law. *See Sisson v. Davis & Sons*, 131 F.3d 555, 557 (5th Cir.1998) (internal citation omitted). "We may not substitute [our] judgment for that of the ALJ, nor may we reweigh or reappraise the evidence, instead we inquire whether there was evidence supporting the ALJ's factual findings." *Boland Marine & Manufacturing Co. v. Rihner*, 41 F.3d 997, 1002 (5th Cir.1995) (quoting *Empire United Stevedores v. Gatlin*, 936 F.2d 819, 822 (5th Cir.1991)).

---

[2]        Furthermore, it is unclear whether depression would even support a legal argument that the suicide was involuntary.  Although it is widely accepted depression causes suicide it does not automatically follow that the decedent took his own life involuntarily if he was suffering solely from depression.

As the recommendation outlines there is substantial evidence to support the ALJ's decision and the inquiry ends there.  The ALJ gave greater credence to expert testimony that there was insufficient proof to the symptoms of PTSD because 1) the decedent had not been exposed personally to life-threatening events[3] and 2) had not been diagnosed with PTSD prior to his suicide.

Consequently, finding all Petitioner's objections to be without merit, the Court fully adopts the Magistrate Judge's Memorandum and Recommendation (Doc. 19) and the decision of the ALJ is AFFIRMED.

SIGNED at Houston, Texas, this 12th day of November, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[3]     As appears in the recommendation, PTSD is brought on by exposure to traumatic events.